

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 27 2012 ★

BROOKLYN OFFICE

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

USAO File # 2010V01458

271 Cadman Plaza East-7th Floor
Brooklyn, N.Y. 11201

*Report acknowledged and accepted JWd 7/23/12*

June 8, 2012

**VIA ELECTRONIC CASE FILING**

The Honorable Jack Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. All Funds on Deposit at HSBC (Hong Kong),*
       *Account Number 509705737838, et al*
       Civil Action No. 1:10-cv-3134 (JBW)

Dear Judge Weinstein:

This office represents plaintiff United States of America ("United States") in connection with the above-referenced civil asset forfeiture action. The undersigned writes to update the Court on the United States' efforts to restrain the defendant accounts.

On July 9, 2010, the United States filed the above-referenced action, seeking forfeiture of the defendant accounts. *See* Civil Docket for Case # 1:10-cv-3134-JBW ("Docket"), Entry No. 1. On July 19, 2010, this Court issued a Summons and Warrant for Arrest of Articles in Rem (the "Warrant of Arrest"), ordering the arrest and seizure of the defendant accounts. Following issuance of the Warrant of Arrest, this office and the United States Department of Justice Office of International Affairs ("OIA") entered into negotiations with the governments of Hong Kong, Latvia, and Panama – the countries in which the defendant accounts are located– regarding the terms and language of multi-lateral assistance treaty ("MLAT") requests to effect service of the Warrant of Arrest and for the arrest and seizure of the defendant accounts.[1] Despite the diligent efforts of the undersigned and OIA to finalize the terms of the MLAT requests so that service of the Warrant of Arrest could be completed, language barriers, the need for translation, and the technical requirements of the treaty caused this process to take many months.

---

[1]   This office is informed that MLAT requests sent to Vietnam have often been unsuccessful. Thus, it may prove difficult to serve the Warrant of Arrest and arrest and seize the contents of defendant All funds on Deposit at Vietnam Import/Export Commercial Bank, Account No. 210014851000363, held in the name of NGOC HOA trading Investment Co. (the "NGOC HOA Account"). The United States is currently exploring other options, but ultimately may not be able to pursue the contents of the NGOC HOA Account.



The MLAT request to Panama for execution of the Warrant of Arrest was finalized and served on September 29, 2010. The MLAT requests to Hong Kong and Latvia for execution of the Warrant of Arrest were finalized and served in mid-October 2010. We are advised that the MLAT requests to Panama, Hong Kong, and Latvia for execution of the Warrant of Arrest have all been received by the central authorities of those nations. We are further advised that the Hong Kong central authority has restrained the defendant accounts that are located in Hong Kong (the "Partner Asia" account, the "Madisa" account, the "Able Regent" account, and the "Star Trading" account).

We are still in the process of coordinating with the Panamanian and Latvian authorities to determine the status of the restraint requests for the accounts located in those nations (the "Milton Benefits" account, the "Intercity Transit, Ltd." account, the "Bookman Agency" account, the "Houseberg Impex" account, and the "Sandias Azucaradas" account). With respect to the Sandias Azucaradas account in Panama, we have been advised by the Panamanian authorities that the account number listed in the complaint and arrest warrant was incorrect. On May 31, 2012, we filed an amended complaint and arrest warrant to correct the account number; the latter of those documents was signed by Your Honor on June 6, 2012. Once we obtain certified copies of the arrest warrant, we will send copies to the Department of Justice Office of International Affairs, for transmission to the Panamanian authorities – and we are hopeful that the account will be restrained in due course.

With respect to the accounts in Latvia, as we previously advised the Court (*see* Docket, Entry No. 6), the Latvian authorities appear to have misunderstood our initial restraint requests. In April 2012, we re-advised the Latvian authorities regarding our requests; we understand that they have received our renewed restraint requests, and we are hopeful that they are in the process of expediting same. Because channels of international communication regarding these types of requests move slowly, at this time we are unable to advise Your Honor as to when we expect to receive confirmation that the Latvian accounts have been restrained.

Once we have confirmed that the Latvian and Panamanian accounts have been restrained, the United States will then seek to effectuate service of process on the owners of all of the defendant accounts – all of which are located internationally. Unfortunately, service of process cannot be made on any of the owners of the defendant accounts until *all* of those accounts have been restrained – because of the risk that the account owners will liquidate the accounts if they are notified of this action before the contents of the defendant accounts are frozen. The owners of the defendant accounts in Hong Kong all appear to maintain offices in Hong Kong, and service can be affected on those owners via MLAT sent to Hong Kong. Unfortunately, the owners of the remaining defendant accounts appear to maintain offices – and thus will need to be served – in countries other than those in which the defendant accounts are located (specifically, England, Panama, and Costa Rica). This means that, pursuant to the terms of the Hague Convention on the Service Abroad of Extrajudicial Documents (the "Hague Convention"), additional MLAT requests (for service) will need to be sent to England, Costa Rica, and Panama once the contents of those defendant accounts (which are in Latvia and Panama) are frozen. This process will also require additional time.

Fed. R. Civ. P. 4(m) provides that service of process must be completed within 120 days of the filing of a civil complaint. By its express terms, however, this provision "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." All of the owners of the defendant accounts maintain offices in foreign countries – specifically, Hong Kong, England, Panama, and Costa Rica.

*See* Docket, Entry No. 1, ¶¶ 29-31. As such, the 120 day time limit for service set forth in Fed. R. Civ. P. 4(m) does not apply in this matter. The United States continues to work diligently to restrain the contents of the defendant accounts. Once the contents of the defendant accounts are restrained, the Unite States will then seek to effect service of process on the owners of the defendant accounts pursuant to Fed. R. Civ. P. 4(f) and by international Federal Express, and will also publish notice of this action pursuant to Fed. R. Civ. P., Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv). The undersigned will again provide the Court will an update regarding the status of its efforts within 150 days of this letter.

        Thank you for Your Honor's time and consideration regarding this matter.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:    /s/ {Filed Electronically}
       Scott R. Landau
       Assistant U.S. Attorney
       (718) 254-7035
       Scott.Landau@usdoj.gov